RENDERED: NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0758-ME

K.E.H.                                                                                    APPELLANT

v.

APPEAL FROM BULLITT CIRCUIT COURT
HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 22-AD-00045

C.R.L.; C.M.E., A MINOR CHILD;
C.S.E.; COMMONWEALTH OF
KENTUCKY, CABINET FOR
HEALTH AND FAMILY SERVICES;
AND J.D.L.                                                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE: Appellant, K.E.H. (Natural Mother), appeals from a Judgment of adoption without consent entered by the Bullitt Circuit Court following remand by this Court directing that it make more specific findings. After our review, we affirm.

On September 2, 2022, J.D.R. and C.R.L., husband and wife (hereinafter Adoptive Father and Adoptive Mother, respectively, or Adoptive Parents, collectively), filed a petition to adopt C.M.E., an infant child born in 2018. Adoptive Mother is the child's second cousin. As grounds, Adoptive Parents pled that the natural "parents have failed to provide essential parental care for the child . . . specifically those factors set forth in 199.502(1)(a)(e) and/or (g)."

KRS[1] 199.502 provides in relevant part as follows:

(1) Notwithstanding the provisions of KRS 199.500(1), an adoption may be granted without the consent of the biological living parents of a child if it is pleaded and proved as part of the adoption proceeding that **any** of the following conditions exist with respect to the child:

> (a) That the parent has abandoned the child for a period of not less than ninety (90) days;
>
> …
>
> (e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child, and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child; [or]
>
> …

---

[1] Kentucky Revised Statutes.

(g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child[.]

(Emphasis added.)

The matter was tried on May 12, 2023. On May 23, 2023, the court entered Findings of Fact and Conclusions of Law (FFCL) and an Order granting the petition of the Adoptive Parents. The child's natural mother, K.E.H. (Natural Mother), appealed to this Court and argued that the trial court failed to make specific findings in accordance with KRS 199.502. In that prior appeal, *K.E.H. v. C.R.L.*, No. 2023-CA-0783-ME, 2024 WL 132559 (Ky. App. Jan. 12, 2024), this Court explained that:

> There are four statutory requirements[2] that must be found to grant an adoption without the consent of the biological, living parents. Pertinent to the instant appeal, one of the four requirements mandates pleading and proof that "any of the [KRS 199.502(1)(a)-(j)] conditions exist with respect to the child." KRS 199.502(1). These conditions concern the actions, omissions, or statuses of the purported biological, living parents[.]

---

[2] As noted, the other three statutory requirements -- that (1) petitioner complies with the jurisdictional requirements; (2) petitioner meets the standard of good moral character, has a reputable standing in the community, and has the ability to properly maintain and educate the child; and (3) that the best interest of the child will be promoted by the adoption and the child is suitable for adoption -- were not challenged in the prior appeal. *Id.* at *2 n.1.

. . .

> The Family Court's Orders recite the evidence that was introduced and then contain a summary and broad conclusion that the entirety of KRS 199.502 was met. No findings connected specific facts to KRS 199.502(1) conditions. Thus, these Orders do not meet the standard of CR[3] 52.01 or KRS 199.502(2).
>
> . . .
>
> Based on the foregoing, we REVERSE AND REMAND the Orders and direct the Family Court to enter Orders that make specific findings regarding the KRS 199.502(1) conditions it believes were pled and proven.

*Id.* at \*1, \*5 (footnote omitted).

On March 27, 2024, following remand, the trial court duly entered Amended Findings of Fact and Conclusions of Law (Amended FFCL) and Judgment of Adoption Without Consent. In its Amended FFCL, the trial court made the following findings:

> [The child] was born January 25, 2018 . . . addicted to suboxone due to the natural mother receiving treatment while pregnant for her substance mis-use disorder. [Natural Mother] and the child lived with [Adoptive Mother] from the day after the child was born through mid-April 2018, [Natural Mother] having been evicted from her apartment. . . . [Natural Mother] overdosed in June 2019; [Adoptive Mother] claimed that the child's father . . . told her that the child was in bed with [Natural Mother] when the fentanyl overdose occurred. . . .

---

[3] Kentucky Rules of Civil Procedure.

Subsequently, [Adoptive Mother] took a Petition for Dependency, Neglect and Abuse against both parents. … Due to the failure of the natural parents to consistently and effectively work their prescribed case plans . . . the Court granted permanent custody of the child to [Adoptive Parents] . . . on October 22, 2020.

. . .

During this interim, contact with the child was permitted by CHFS with [Adoptive Mother] supervising the contact until November 3, 2019, when [natural parents] while attending church with [Adoptive Mother] and the child, appeared to be under the influence of a substance(s) . . . .

[Natural Mother] resumed visitation with the child in January 2021 on a somewhat weekly basis until July 2021when her then boyfriend overdosed and died . . . . Testimony at hearing was that there was minimal contact between the child and [Natural Mother] after the [boyfriend's] passing . . . .

By September 2021, [Natural Mother] had resumed scheduled contact with child on a weekly basis, although [Adoptive Mother] testified that [Natural Mother] often cancelled the visits. By November 2021, [Natural Mother] was engaged to her current husband and the marriage date was set . . . . [T]he child and [Adoptive Mother] were present for [the] rehearsal dinner. The rehearsal was conducted without [Natural Mother who] arrived . . . [late] and advised . . . that she was tired and chose to skip the dinner. Based on this behavior, [Adoptive Mother] became concerned that [Natural Mother] could be using illegal substances again, and requested [that she] take a drug test. [Natural Mother] submitted to a urine screen a week after the request was made and delayed a hair follicle test until March/April 2022. [Adoptive Mother] halted contact with the child

during this time due to concerns of substance misuse as indicated by mother's behavior.

The trial court also noted two incidents that occurred at the home of the maternal grandfather after visitation had resumed in the summer of 2022. Adoptive Mother, as permanent custodian, had placed two conditions on visitation with the child: first, that child not be taken away from the home of the maternal grandfather while visiting there; second, that maternal grandfather and his wife be always present during the visitation. After these conditions were violated twice, Adoptive Mother filed the petition for adoption. Following the second incident, the Petition for Adoption without consent was filed.

The trial court further found that:

[Natural Mother] receives disability income of $775.00 per month and resides with her husband who is employed. They have [another] child born after C.M.E. [the child].[4] The only financial support [Natural Mother] has provided for C.M.E. [the child] is a single payment of one thousand ($1,000.00) made after the Petition for Adoption was filed. C.M.E. [the child] was placed in the temporary custody of [Adoptive Parents in] June 2019. This petition was filed August 2022. That is a time span of thirty-eight (38) months. If one divides $1,000.00 by 38 . . . the tendered sum equals approximately twenty-six ($26) dollars per month. [Natural Mother] testified on cross examination that she has received SSD since 2015 and that she has not worked enough quarters for any

---

[4] According to the trial court's Amended FFCL, the husband, who also has two other children, is a twice-convicted class D felon. The charges were related to possession of controlled substances.

payment to be made to the child pursuant to the social security regulations.

The trial court also noted that Natural Mother "had the time and financial wherewithal" to plan and execute a wedding, but failed to provide any financial support for the child until the adoption petition was filed.

The trial court concluded that Adoptive Parents had pled and had proven by clear and convincing evidence that three of the KRS 199.502(1) conditions exist:  namely subsections (a), (e), and (g).

On April 8, 2024, Natural Mother filed a motion pursuant to CR 52.02 and CR 59.05 to alter, amend, or vacate, which the trial court denied by Order entered on June 21, 2024.

On June 26, 2024, Natural Mother filed notice of appeal to this Court. As we explained in *C.J. v. M.S.,* 572 S.W.3d 492 (Ky. App. 2019)), in cases involving adoption without consent:

> Our review is confined to the clearly erroneous standard in CR 52.01 based upon clear and convincing evidence. The family court's findings will not be disturbed unless there exists no substantial evidence in the record to support them.
>
> Clear and convincing proof does not necessarily mean uncontradicted proof; but rather, requires there is proof of a probative and substantial nature that is sufficient to convince ordinarily prudent minded people. Under this standard, we are required to give considerable deference to the [family] court's findings, and we will

not disturb those findings unless the record provides no substantial support for them.

*Id.* at 496 (internal quotation marks, citations, and footnote omitted).

Natural Mother argues that the trial court erred by failing to consider the "full testimony" and that its decision to terminate her parental rights is clearly erroneous and is not based upon clear and convincing evidence. Essentially, Natural Mother reargues her case.

Our task following remand is straightforward. We must determine if the trial court complied with this Court's direction on remand to "make specific findings regarding the KRS 199.502(1) conditions it believes were pled and proven." We are satisfied that it did. Next, we must determine if those findings have a substantial evidentiary foundation.

KRS 199.502(1)(e) addresses the continuous or repeated failure to provide essential parental care and protection for a period not less than six months. With respect to the statutory factors, the trial court found as follows:

> Rather than reiterating the timeline stated in the foregoing section . . . the Court incorporates it as applicable . . . and offers additional factual support as it pertains to subsection (e).
>
> . . .
>
> Natural Mother's history reveals that she . . . suffers from substance mis-use and that is has intermittently progressed and abated. [Natural Mother] is not self-supporting. She is reliant upon the financial support of

her husband with whom she has a young child.  [Natural Mother] does not have a driver's license.  She suffers from a physical or mental health impairment of sufficient severity to support an award of disability.  She has demonstrated that it is beyond her ability to routinely commit to visitation of even one-day per week.  The evidence before the Court is that [Natural Mother] for a period of not less than six (6) months, continuously or repeatedly failed . . . to provide . . . essential parental care and protection for the child, and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;".  [*sic*].

We are satisfied from our review of the record that clear and convincing evidence supports the trial court's findings that conditions exist for adoption without consent under KRS 199.502(1)(e).  KRS 199.502(1) requires the existence of ***only one*** condition.  Accordingly, we need not address the trial court's findings under KRS 199.502(1)(a) and (g).

We affirm.


ALL CONCUR.



BRIEFS FOR APPELLANT:

Troy DeMuth
James Mains
Prospect, Kentucky

BRIEF FOR APPELLEES J.D.R. AND C.R.L.:

J. Scott Wantland
Shepherdsville, Kentucky